**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsbergLaw.com

KIMMEL & SILVERMAN, P.C.
Jacob U. Ginsburg, Esq. (phv)
30 East Butler Ave.
Ambler, Pennsylvania 19002
Telephone: (267) 468-5374
Facsimile (215) 540-8817
Email: jginsburg@creditlaw.com

*Attorneys for Plaintiff Meagan Reed, individually, and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEAGAN REED,** *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**BETTER U, INC.,**<br><br>*Defendant.* | **Case No.: 2**:26-cv-06606-CV-AJR<br><br>**CLASS-ACTION COMPLAINT**<br><br>**-and-**<br><br>**JURY TRIAL DEMANDED**<br><br>**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c).** |

## FIRST AMENDED CLASS-ACTION COMPLAINT

Plaintiff, Meagan Reed ("Reed" or "Plaintiff") individually and on behalf of all others similarly situated, files this First Amended Class-Action Complaint against

Defendant Better U, Inc. ("Better U" or "Defendant"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant. Defendant violated Plaintiff and the putative class-members' rights by making two or more solicitation calls to residential subscribers whose numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. and the TCPA's corresponding regulations promulgated by the Federal Communications Commission ("FCC") at 47 C.F.R. § 64.1200 *et seq*.

## BACKGROUND ON THE TCPA

2. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights-specifically, the right to be left alone from unwanted telemarketing calls.

3. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) et seq., affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

5. Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of

227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

6. An SMS text message is considered a "call" for purposes of the TCPA. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 954 (9th Cir. 2009).

7. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call or text message within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

8. Decades after the TCPA passed into law, it is still unfortunately the case that "month after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the Federal Communications Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

9. In fact, in 2021 alone, there were over five million complaints from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry* (Jan. 5, 2022), https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

10. The private right of enforcement of the TCPA is critical to stopping the

proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, The Wall Street Journal, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

**JURISDICTION AND VENUE**

11. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12. This Court has personal jurisdiction over Defendant which is headquartered and incorporated, and conducts business, in the State of California.

13. Defendant maintains its headquarters within this District in the State of California.

14. Accordingly, personal jurisdiction exists, and venue is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

15. Plaintiff Meagan Reed is an individual who resides in Citronelle, Alabama.

16. Plaintiff is the registered owner and customary user of the telephone

number (251) XXX-5135.

17. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

18. Defendant Better U, Inc. is a Delaware corporation which registered 7095 Hollywood Blvd., Ste. 422, Los Angeles, CA 90028 as its principal address with the California Secretary of State.

19. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. At all times relevant hereto, Plaintiff, Meagan Reed, owned a cell phone, the number for which was (251) XXX-5135.

22. Reed registered that cell phone number on the Federal Do Not Call Registry in November of 2020 in order to obtain solitude from invasive and irritating telemarketing calls.

23. At all times relevant hereto, Reed used her cell phone primarily for residential purposes.

24. In December of 2024, Defendant sent at least five (5) solicitation text messages and placed at least two (2) voice calls to Plaintiff's cell phone offering ketamine therapy treatments Plaintiff did not want or need.

25. Reed had never requested solicitations or advertisements about ketamine, and never expressed interest in such products.

26. Each of the messages/calls were directed to a person named "Justin". Reed has never used the name "Justin", lived with an individual named "Justin", shared a phone number with anyone named "Justin" and never had a close

relationship with anyone who has that name.

27. Each text message identified itself as originating from Better U, and contained a link to Better U's websites.

28. Screenshots of the texts are embedded below:










29. Furthermore, on or around December 19, 2024, Reed received at least two voice calls, which she answered. The caller identified themselves as working for Better U, after which Plaintiff stated she was not interested and hung up.

30. These calls were not made for "emergency purposes," but rather for solicitation purposes.

31. As a result of the foregoing, Reed experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendant.

32. The foregoing acts and omissions by Reed were in violation of the National Do-Not-Call Rules of the TCPA and its corresponding regulations.

## CLASS ALLEGATIONS

33. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Reed brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

34. Plaintiff Reed seeks to represent the following Class:

> **National Do-Not-Call Registry (NDNC) Class:** All persons in the United States who received two or more telemarketing calls to their cellular or residential telephone numbers within any 12-month period by or on behalf of Defendant, from four years prior to the date of this complaint through the date the Court certifies the class, while such number was registered with the National Do-Not-Call Registry.

35. Excluded from the Class is any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's owners, affiliates, agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Also excluded are potential class members who provided written consent to the Defendant or otherwise affirmed consent to be contacted. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

36. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

37. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

38. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff will fairly and adequately protect the interests of

the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

40. Class Members are so numerous that the individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

41. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

a. Whether Defendant scrubbed or otherwise consulted the federal Do Not Call registry before calling numbers;

b. Whether Defendant's methods of obtaining "prior express written consent" satisfies the TCPA's requirements;

c. Whether the communications were "solicitations" as defined by 47 U.S.C. § 227(a)(4);

d. If Defendant hired third-party telemarketers to send messages on its behalf, whether an agency relationship existed with those third-parties;

e. If Defendant hired third-party telemarketers to send messages on its behalf, whether Defendant "ratified" any TCPA violations;

f. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and

g. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct under 47 U.S.C. § 227(c)(5)(C).

42. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing solicitation calls to Plaintiff and the putative class members.

43. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

44. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims,

and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

45. Based on information and belief, Defendant continues to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

## FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227(c)(5) and/or 47 C.F.R. § 64.1200(c))**

46. Plaintiff Meagan Reed incorporates by reference the foregoing allegations as if fully set forth herein.

47. Plaintiff brings this Count individually and on behalf of all others similarly situated.

48. The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii), (e).

49. The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

50. In addition, the TCPA allows the Court to enjoin Defendant's violations

of the TCPA's regulations prohibiting calls and texts to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

51. By calling and texting Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendant violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

52. On information and belief, Defendant and/or its agents routinely make outgoing calls or send texts to residential and cellular telephones in the regular course of their telemarketing campaigns alleged above. Defendant violated 47 C.F.R. § 64.1200(c) by initiating two or more telephone solicitations to wireless and wireline residential telephone subscribers such as Plaintiff and the other NDNC Class members. Defendant violated 47 C.F.R. § 64.1200(c).

53. Defendant's violations are knowing and willful because Defendant knew or should have known that Plaintiff and NDNC Class members had their numbers registered on the Do Not Call Registry.

54. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, recklessly, willfully and absent any legal justification or excuse.

55. Plaintiff and NDNC Class members are entitled to damages of $500.00 per violation for each call placed and text sent by Defendant and up to $1,500.00 per violation if the Court finds Defendant willfully violated the TCPA.

56. Plaintiff, individually, and on behalf of the other NDNC Class members, seeks injunctive and equitable relief under 47 U.S.C. § 227(c)(5) against Defendant to stop their violations of the TCPA.

57. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the NDNC Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff, Meagan Reed, individually, and/or behalf of all other similarly situated, requests the Court grant the following relief against Defendant Better U, Inc. as follows:

1. Enter an order against Defendant pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Plaintiff as the class representative;

2. Enter an order appointing class counsel;

3. Enter judgment in favor of Plaintiff and the NDNC Class for all damages available under the TCPA, including actual and statutory damages per violation of 47 U.S.C. § 227(c), consistent with proof at trial;

4. Enter a judgment in favor of Plaintiff and the NDNC Class that enjoins Defendant from violating the TCPA's regulations in the manner and/or using the means as alleged above and consistent with proof;

5. Award Plaintiff and the NDNC Class all expenses of this action, attorneys' fees and require Defendant to pay the costs and expenses of class notice and administration; and,

6. Award Plaintiff and the NDNC Class any other relief the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

**KIMMEL & SILVERMAN, P.C.**

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (phv)
30 East Butler Ave.
Ambler, Pennsylvania 19002
Telephone: (267) 468-5374
Facsimile (215) 540-8817
Email: jginsburg@creditlaw.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320

*Attorney for Plaintiff, individually, and on behalf of others similarly situated*

Dated: October 1, 2026